2010 BNH 029
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                                          Bk. No. 08-11243-MWV
                                                                                Chapter 7
Robert A. Lee,
       Debtor

Timothy P. Smith,
Chapter 7 Trustee,
       Plaintiff

v.                                                                              Adv. No. 10-1049-MWV

Merrill Lynch, Pierce, Fenner
& Smith Incorporated,
       Defendant

*David P. Azarian, Esq.*
*AZARIAN LAW OFFICE, PLLC*
*Attorney for Timothy P. Smith*

*Joseph A. Foster, Esq.*
*MCLANE, GRAF, RAULERSON & MIDDLETON*
*Attorney for Merrill Lynch, Pierce, Fenner*
*& Smith Incorporated*

## MEMORANDUM OPINION

       This matter comes before the Court on two motions to dismiss the complaint filed by Merrill Lynch, Pierce, Fenner & Smith Incorporated (the "Defendant") (Ct. Doc. Nos. 9 and 20). In his complaint, Timothy P. Smith, the Chapter 7 Trustee (the "Plaintiff"), seeks to set aside certain payments made by Robert A. Lee (the "Debtor") to the Defendant on the grounds that they constitute preferential transfers to an insider pursuant to 11 U.S.C. § 547(b) of the Bankruptcy Code.[1] On August 24, 2010, the Court held a hearing and took the matters under advisement.

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

BACKGROUND

The Debtor has been employed as a financial advisor by the Defendant since 2005.  At some point in 2005, the Debtor executed a promissory note (the "Note") payable to the Defendant.  The Note provided that the Defendant would deduct $5,450.62 from the Debtor's monthly paycheck to be applied as up-front repayments of the amounts owed under the Note.  On May 7, 2008, the Debtor filed for Chapter 7 bankruptcy protection.  Within ninety days and one-year prior to the petition date (the "preference period"), the Defendant made transfers from the Debtor's paychecks totaling $61,228.68.  Additionally, the Defendant also deducted $16,606 from the Debtor's paycheck as prepetition offset payments.  The Plaintiff instituted the current adversary proceeding on April 30, 2010, to avoid the payments made to the Defendant within ninety days of the filing of the bankruptcy petition on the grounds that the payments constituted preferential transfers.  The Plaintiff also alleges that the payments made after ninety days but within one year preceding the filing of the bankruptcy petition are recoverable as preferences because the Defendant is an insider of the Debtor.

The Defendant filed its first motion to dismiss (Ct. Doc. No. 9) (the "first motion") on June 22, 2010, and moved the Court to dismiss the complaint because (1) it was devoid of any factual allegations establishing that the Debtor was insolvent during the preference period, and (2) it failed to sufficiently allege the facts necessary to plausibly find that the Defendant was an insider pertaining to the payments made after ninety days but within one year preceding the filing of the bankruptcy petition.  On July 12, 2010, the Plaintiff filed an amended complaint.  Subsequently, the Defendant filed its second motion to dismiss (Ct. Doc. No. 20) (the "second motion").  Since an amended complaint and subsequent motion to dismiss were

filed, the first motion is deemed moot and the Court will only discuss the merits of the second motion.  In the second motion, the Defendant concedes that the Plaintiff's amended complaint cured the deficiency of establishing that the Debtor was insolvent during the preference period.  Thus, the only element of the Plaintiff's preference claim that remains in dispute is whether the Defendant was an insider of the Debtor.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7012(b), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b).  In ruling on a Rule 12(b)(6) motion to dismiss, courts "must accept as true the well-pleaded factual allegations of the complaint" and "draw all reasonable inferences therefrom in the plaintiff's favor[.]" LaChapelle v. Berskshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted); Damon v. Moore, 520 F.3d 98, 102-03 (1st Cir. 2008).

"[Although] legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  To survive a Rule 12(b)(6) motion to dismiss, factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and cross the line between "possibility" and "plausibility" of entitlement to relief.  Bell Atlantic Corp., 127 S.Ct. at 1965-66; Notinger v. Costa (In re Robotic Vision Sys., Inc.), 374 B.R. 36, 43 (Bankr. D.N.H. 2007).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense."  Iqbal, 129 S.Ct. at 1950.  The focus of a Rule 12(b)(6) inquiry is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Gilbert v. Essex Group, Inc., 930 F.Supp. 683, 686 (D.N.H. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**I.     Preferential Transfer by an Insider under § 547(b)**

Section 547(b) provides, in relevant part, that a trustee may avoid, as a preference:

any transfer of an interest of the debtor in property -

(1)   to or for the benefit of a creditor;

(2)   for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3)   made while the debtor was insolvent;

(4)   made –

   . . .

   (B)   between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5)   that enables such creditor to receive more than such creditor would receive if –

   (A)   the case were a case under chapter 7 of this title;

   (B)   the transfer had not been made; and

   (C)   such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). Section 101(31)(A) defines the term "insider" as follows:

   (31)   "insider" includes

      (A)   if the debtor is an individual –

         (i)   relative of the debtor or of a general partner of the debtor;

         (ii)  partnership in which the debtor is a general partner;

         (iii) general partner of the debtor; or

         (iv)  corporation of which the debtor is a director, officer, or person in control

      . . . .

11 U.S.C. § 101(31)(A). According to the legislative history, "[a]n insider is one who has a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arms [sic]

length with the debtor." See S. Rep. No. 95-989, 2d Sess., at 25 (1978); accord H.R. Rep. No. 95-595, 1st Sess., at 312 (1977). U.S. Code Cong. & Admin. News 1977, pp. 5787, 5963. Persons enumerated in section 101(31)(A) are generally referred to as "statutory" insiders. In providing that the term insider "*includes*" the statutory insiders, Congress made clear that the statutory list is not exhaustive and it is for the courts to define the limits of non-statutory insider status. See Schreiber v. Emerson (In re Emerson), 244 B.R. 1, 31 (Bankr. D.N.H. 1999) ("the classification of insiders is not restricted to the statutory definition."). When faced with an alleged non-statutory insider, courts must look at the closeness of the relationship between the debtor and alleged insider to determine if that closeness prevented the debtor and insider from dealing with each other at arm's length. See In re Emerson, 244 B.R. at 32 ("Cases that have considered the insider issue generally have focused on two factors in making the determination of whether a transferee is an insider: (1) the closeness of the relationship between the transferee and the debtor, and (2) whether the transactions between the transferee and the debtor were conducted at arm's length.").

Both the Plaintiff and Defendant focus on the level of control or influence that the Defendant had over the Debtor as a prerequisite of insider status. This focus is misplaced. "Person in control" is merely one illustrative category of an insider set out in section 101(31). In this case, the Plaintiff alleges that the Defendant is a non-statutory insider. If the Defendant were a person in control of the Debtor, it would be a statutory insider and no further analysis would be required. The Plaintiff relies heavily on the employer-employee relationship as the basis for alleging that the Defendant is an insider of the Debtor. However, considering the legislative history, for alleged non-statutory insiders, courts must analyze not only the relationship but also the transaction between the parties and determine whether there is evidence of a less than an arm's length transaction.

Regarding the transaction between the parties, the Plaintiff alleges that the Debtor executed a promissory note in the amount of $279,256 payable to the Defendant with interest at the annual rate of 4.5 percent. Further, the Plaintiff contends that the Note provided that the Defendant would deduct the sum of $5,450.62 from the Debtor's monthly paycheck as up-front repayments to be applied to amounts owed under the Note. Taking these facts as true and drawing all reasonable inferences in favor of the Plaintiff, the Court cannot plausibly find that

the transaction was less than arm's length.  The Plaintiff does not allege, and the Court cannot reasonably infer from the pleadings, that either the Defendant or Debtor had a conflict of interest when entering into the Note that would have made it a non-arm's length transaction.  The fact that the transaction may have been a course of dealing between the parties or an opportunity to gain something only provides an inference of the mere possibility of misconduct, and not a plausible allegation that the Plaintiff is entitled to relief.  Consequently, the Court grants the Defendant's second motion to dismiss the complaint concerning payments that occurred more than ninety days prior to the filing of the Debtor's petition.

## II. Allowing the Plaintiff to Amend the Complaint

In his objection to the Defendant's motion to dismiss, the Plaintiff requests leave to amend his pleadings in the event the Court grants the motion to dismiss. Federal Rule of Civil Procedure 15(a)(1)(A) made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7015 allows a plaintiff to amend the complaint before a responsive pleading is filed.  Since the Defendant has not yet filed an answer, the Plaintiff does not require leave to amend.  Correa-Martinex v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990); Taite v. Peake, 2009 WL 94526 (D.N.H. 2009).  The fact that the Plaintiff sought leave to amend does not enable the Court to deny an amendment where a responsive pleading has not been filed.  Taite, 2009 WL 94526.  Accordingly, the Plaintiff may amend his complaint.

### CONCLUSION

For the reasons set out herein, the Court grants the Defendant's motion to dismiss the complaint (Ct. Doc. No. 20) concerning payments that occurred more than ninety days prior to the filing of the Debtor's petition.  In addition, the Plaintiff may amend his complaint.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

DATED this 21st day of September 2010, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge